ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 08 2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

- v. - :

HAENA PARK, :

Defendant. :

- - - - - - - - - - - - - - - - x

**INDICTMENT**

16 CRIM 473

**COUNT ONE**
(Commodities Fraud)

The Grand Jury charges:

**Background**

Relevant Individuals and Entities

1. Argenta Group, LLC ("Argenta") was a New York limited liability company formed in May 2010. At all times relevant to this Indictment, Argenta was controlled by HAENA PARK, the defendant, and Argenta was not registered with the Commodity Futures Trading Commission ("CFTC").

2. From on or about March 26, 2013 through on or about September 23, 2013, Argenta Capital GP LLC ("ACGP") and Argenta Capital LLC ("AC") (together, the "Argenta Advisors") were entities controlled by HAENA PARK, the defendant, that had applied for registration with the CFTC as commodity pool operators and commodity trading advisors. While the

JUDGE ABRAMS

registration applications of the Argenta Advisors were pending with the CFTC, PARK withdrew the entities from the application process. At all times relevant to this Indictment, the Argenta Advisors were not registered with the CFTC.

3. In late 2013, HAENA PARK, the defendant, changed the names of ACGP and AC to Phaetra Capital GP LLC ("PCGP"), a Delaware limited liability partnership, and Phaetra Capital Management LP ("Phaetra Capital Management") (together, the "Phaetra Advisors"), a Delaware limited partnership.

4. From on or about January 7, 2014, through in or about June 2016, the Phaetra Advisors were registered with the CFTC as commodity pool operators located in New York, New York, and HAENA PARK, the defendant, was registered as an Associate Member, Principal, and Associated Person of the Phaetra Advisors.

**Overview of the Scheme to Defraud**

5. From in or about September 2009 through in or about June 2016, HAENA PARK, the defendant, engaged in a Ponzi-like scheme to defraud more than forty individual investors of more than $23 million through the use of her firms, Phaetra Capital Management and Argenta. PARK falsely represented that she was an accomplished trading advisor earning annualized returns as high as 48.9 percent for her investors, and that she would use investor funds to trade in a variety of securities and

commodities, including equities, futures, and other off-exchange foreign currency ("forex") transactions. PARK generated and sent to investors fictitious monthly account statements showing that their investments were earning positive returns nearly every month. As a result of the false and fraudulent representations made by PARK, including through the use of emails, investors wired a total of more than $23 million to bank accounts controlled by PARK. In truth and in fact, PARK was not an accomplished forex trader, her trading was consistently unsuccessful, and the trading results PARK provided to investors were false and did not reflect the trading losses actually incurred by PARK. Instead, PARK transferred approximately $20 million of investor money to her personal brokerage account, where PARK used the investor money for trading, principally in highly leveraged futures and forex transactions, that resulted in total losses of approximately $19.5 million. To hide her trading losses, PARK used approximately $3 million in new investor funds to pay back earlier investors in a Ponzi-like fashion.

**The Scheme to Defraud**

PARK Created Fictitious Historical Return Charts to Induce Prospective Investors to Invest

6. In furtherance of the scheme to defraud, HAENA PARK, the defendant, generated charts purportedly showing

historical returns that PARK had achieved for other investors through forex trading (the "Historical Return Charts"). On one such Historical Return Chart, covering the period from November 2009 through December 2015, the purported annual rates of return ranged from 21.6 percent to 48.9 percent, with total returns in excess of 500 percent over the entire six-year period. PARK sent the Historical Return Charts to certain prospective investors to induce them to invest money with PARK.

7. For example, in or about March 2015, HAENA PARK, the defendant, provided a Historical Returns Chart to an individual ("Victim-1") who resided in Maryland. Based in part on the Historical Returns Chart, as well as on other statements by PARK, Victim-1 invested $700,000 with PARK.

8. In truth and in fact, the Historical Return Charts were fictitious, and did not represent actual results that HAENA PARK, the defendant, had achieved for investors.

PARK Created Misleading Investor Presentations

9. In furtherance of the scheme to defraud, HAENA PARK, the defendant, also created an investor presentation for Phaetra Capital Management (the "Phaetra Investor Presentation"). In the Phaetra Investor Presentation, PARK represented that investor money would be placed into pools managed by Phaetra Capital Management, and that investor money would be used mainly for forex trading, and to a lesser extent,

for investing in fixed income securities, commodities, and equities. PARK distributed the Phaetra Investor Presentation to certain prospective investors to induce them to invest money with PARK.

10. In truth and in fact, HAENA PARK, the defendant, transferred investor funds into her personal brokerage account, and used the funds principally to trade in highly leveraged futures and forex transactions.

PARK Converted Investor Money to Her Own Use

11. In furtherance of the scheme to defraud, HAENA PARK, the defendant, entered into investment agreements with her investors, pursuant to which PARK was to provide capital management services, and was to receive fees in an amount equal to a specified percentage of annual performance, to be applied at the end of the fiscal year or at the time of withdrawal, if the investment period was less than 12 months. In some instances, the investment agreements also specified that PARK would also receive a two percent upfront fee, in addition to fees based on the investment's annual performance.

12. For example, in or about April 2015, HAENA PARK, the defendant, entered into an agreement with Victim-1, pursuant to which Phaetra Capital Management, as "successor-in-interest" to Argenta, would provide capital management services, and was

to receive an upfront fee of two percent of principal plus ten percent of the annual performance of the investment.

13. At no time did HAENA PARK, the defendant, disclose to her investors that she was converting investor money to her own use, other than the fees specified in the investment agreements.

PARK Sent Monthly Statements to Investors Falsely Showing Positive Returns

14. In furtherance of the scheme to defraud, HAENA PARK, the defendant, generated monthly statements for her investors, purportedly showing, among other things, the amount of money invested, the monthly rate of return, and the total value of the account. These statements routinely contained misrepresentations to PARK's investors. On the basis of the supposed positive returns in the monthly statements, certain investors made additional investments with PARK.

15. For example, beginning in or about May 2015, HAENA PARK, the defendant, sent monthly statements to Victim-1, falsely showing positive results on Victim-1's initial investment of $700,000. Based on PARK's false representations regarding positive returns on Victim-1's initial investment, Victim-1 invested an additional $300,000 in May 2015, an additional $2 million in June 2015, and an additional $1 million in September 2015. Victim-1's monthly statement dated May 5,

2016 reflected purported positive monthly returns for every month since his initial investment in April 2015, and a cumulative return of 35.7%.

PARK Lost Investor Funds Through Unsuccessful Trading

16. In truth and in fact, as HAENA PARK, the defendant, well knew, the representations she made to investors regarding their monthly returns were false. Notwithstanding PARK's statements to the contrary, PARK transferred nearly all the money she solicited from investors into her personal brokerage account, where she comingled it with money from other investors. PARK then used the comingled investor funds to trade primarily in highly leveraged futures and forex transactions. PARK's trading was consistently unsuccessful. Of the approximately $20 million in investor funds that PARK actually used for trading, PARK lost approximately $19.5 million, including commissions and fees. At no time did PARK disclose to her investors that she had lost their money.

PARK Paid Back Certain Investors in a Ponzi-like Fashion

17. In furtherance of the scheme to defraud, HAENA PARK, the defendant, used new investor funds to pay back other investors in a Ponzi-like fashion. In total, of the more than $23 million in investor funds received by PARK, approximately $3 million was used, not to trade, but to repay other investors.

18. For example, on or about January 11, 2016, HAENA PARK, the defendant, received $623,000 from one investor, which she used that same day to repay $420,000 to another investor.

19. At no time did HAENA PARK, the defendant, disclose to her investors that she was using investment money to make payments to other investors.

PARK Made False Statements to
the National Futures Association

20. On or about March 31, 2016, the National Futures Association ("NFA"), an industrywide, self-regulatory organization for the U.S. futures industry, commenced a routine examination of Phaetra Capital Management. In connection with that examination, and in in order to further and to conceal the scheme to defraud, HAENA PARK, the defendant, made the following misrepresentations, among others, to the NFA examiners: (a) Phaetra Capital Management had not commenced business of any kind; (b) neither Phaetra Capital Management nor PARK currently managed any third party accounts; (c) neither Phaetra Capital Management nor PARK had conducted any futures or forex business; (d) the activity in PARK's personal brokerage account was proprietary in nature and comprised solely of PARK's personal funds; and (e) no promotional materials had been distributed to any third party by PARK.

Statutory Allegations

21. From in or about September 2009 through in or about June 2016, in the Southern District of New York and elsewhere, HAENA PARK, the defendant, willfully and knowingly, in connection with an order to make and the making of a contract of sale of a commodity in interstate commerce and for future delivery, to wit, off-exchange foreign currency contracts, made and to be made for and on behalf of and with another person: (a) cheated and defrauded another person, and attempted to do so; (b) made and caused to be made to another person a false report and statement and entered and caused to be entered for another person a false record; and (c) deceived another person, and attempted to do so, by any means in regard to an order and contract and the disposition and execution of an order and contract, and in regard to an act of agency performed, with respect to an order and contract for the other person, to wit, PARK, on behalf of her firms, Phaetra Capital Management and Argenta and while acting as the principal of a commodity pool operator, solicited more than $23 million in funds from investors purportedly for the purpose of trading in a variety of securities and commodities, including off-exchange foreign currency contracts, through the use of false and misleading statements about, among other things, the historical performance of the firms and other investments.

(Title 7, United States Code, Sections 6b(a)(1) and (a)(2) and 13(a)(1) and (a)(5); Title 18, United States Code, Section 2.)

**COUNT TWO**
(Wire Fraud)

The Grand Jury further charges:

22. The allegations contained in paragraphs 1 through 20 of this Indictment are hereby repeated, realleged, and incorporated by reference as if fully set forth herein.

23. From in or about September 2009 through in or about June 2016, in the Southern District of New York and elsewhere, HAENA PARK, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, PARK, on behalf of her firms, Phaetra Capital Management and Argenta, solicited more than $23 million in funds from investors purportedly for the purpose of trading in a variety of securities and commodities, including off-exchange foreign currency contracts, through the use of false and misleading statements, including through email and telephone

communications, about the historical performance of the firms and other investments.

(Title 18, United States Code, Sections 1343 and 2.)

FORFEITURE ALLEGATIONS

24. As the result of committing one or more of the offenses alleged in Counts One and Two of this Indictment, HAENA PARK, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, any property, real and personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of the offenses, including but not limited to:

a. A sum of money of at least $23 million in United States currency;

b. All right, title and interest in the real property located at 50 Vista Drive, Flanders, New Jersey, 07836.

c. All proceeds from the sale of the assets previously held at Interactive Brokers in Account Number U545615 in the name of Haena Park.

Substitute Asset Provision

26. If any of the above-described forfeitable property, as a result of any act or omission of HAENA PARK, the defendant,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of PARK up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982;
Title 21, United States Code, Section 853;
Title 28, United States Code, Section 2461.)

[signature]
FOREPERSON

Preet Bharara [signature]
PREET BHARARA
UNITED STATES ATTORNEY

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

**- v. -**

**HAENA PARK,**

**Defendant.**

---

**INDICTMENT**

16 Cr.

(7 U.S.C. §§ 6b(a)(1) and (2), 13(a)(1) and 13(a)(5); 18 U.S.C. §§ 1343 and 2.)

FOREPERSON

PREET BHARARA
United States Attorney

---

---

July 8, 2016
Filed Indictment. Case assigned to Judge Abrams.
Debra Freeman, U.S.M.J.