```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

          v.                              16 Cr. 473 RA

HAENA PARK,

               Defendant.

------------------------------x
```

July 13, 2016
2:00 p.m.

Before:

                HON. RONNIE ABRAMS,

                              District Judge

                    APPEARANCES

PREET BHARARA,
    United States Attorney for the
    Southern District of New York
CHRISTINE INGRID MAGDO,
    Assistant United States Attorney

FEDERAL DEFENDERS SERVICES UNIT
    Attorneys for defendant Park
BY: JULIA L. GATTO,
    Assistant Federal Defender

Also Present:
    PAUL ROONEY, Special Agent HSI

1              (In open court)

2              (Case called)

3              THE COURT:  Good afternoon to you, Ms. Park.  I am

4     Judge Abrams, and your case is assigned to me.  We're here to

5     arraign you on the indictment.  The number of the indictment is

6     16 Cr. 473.  It was filed on July 8th and charges you with one

7     count of commodities fraud and one count of wire fraud.  The

8     indictment also contains forfeiture allegations.

9              Have you seen a copy of the indictment in this case?

10             THE DEFENDANT:  Yes, I have, your Honor.

11             THE COURT:  Have you discussed it with your attorney?

12             THE DEFENDANT:  Yes, I have.

13             THE COURT:  Would you like me to read it out loud in

14    open court or do you waive its public reading?

15             THE DEFENDANT:  I waive its public reading.

16             THE COURT:  How do you plead to the charges?

17             THE DEFENDANT:  Not guilty.

18             THE COURT:  What is the status of discovery?

19             MS. MAGDO:  We've already produced some discovery, and

20    I anticipate we'll be able to produce the rest of discovery by

21    the end of this week.

22             THE COURT:  What does it consist of generally?

23             MS. MAGDO:  It consists of bank records, it consists

24    of e-mails between the defendant and the victims, the brokerage

25    account statements, some telephone records, some items that

1  were seized during the search of her apartment after her
2  arrest, her post-arrest statement.  That is mainly it.
3              THE COURT:  So, Ms. Gatto, how long do you think
4  you'll need to review discovery and determine whether you plan
5  to make motions?
6              MS. GATTO:  We had talked about a date with your
7  Deputy, and I thought it made sense to come back in September.
8  We were proposing a date of September 13th, at which time I
9  would know if I have any motions.
10             THE COURT:  Why don't we do that.
11             THE CLERK:  September 13th, at 1:00 o'clock.
12             THE COURT:  Does that work for everyone?
13             MS. MAGDO:  Yes.
14             THE COURT:  Is the government seeking to exclude time
15 under the Speedy Trial Act?
16             MS. MAGDO:  Yes, your Honor, for the purposes of plea
17 negotiations.
18             THE COURT:  Any objection?
19             MS. GATTO:  No, your Honor.
20             THE COURT:  I will exclude time from today until
21 September 13th pursuant to 18 U.S.C. 3161 (h)(7)(A).  I find
22 that the ends of justice served by excluding such time outweigh
23 the interests of the public and the defendant in a speedy trial
24 because it will allow time for the parties to discuss a
25 possible disposition of this case.

1          As you alluded to, Ms. Gatto, I will expect you on the
2  13th to tell me whether you intend to make any motions, and I
3  will set a trial date at that time, okay?
4          Are there any other applications?
5          MS. MAGDO:  Not from the government.
6          MS. GATTO:  No, your Honor.
7          THE COURT:  Thank you.  We're adjourned.
8          (Court adjourned)